**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TEARIE REGISTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-cv-304 (MTT)** |
| | ) | |
| **MACON-BIBB COUNTY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

On July 21, 2026, Plaintiff Tearie Register, proceeding pro se, filed her complaint against Macon-Bibb County. ECF 1. That same day, she filed a motion to proceed *in forma pauperis* ("IFP"). ECF 2. On July 29, 2026, the Court ordered Register to show cause why her action should not be dismissed for lack of subject matter jurisdiction. ECF 6.

"[A] court sua sponte can raise a jurisdictional defect at any time, leading to dismissal of the relevant action." *Barnett v. Bailey*, 956 F.2d 1036, 1039 (11th Cir. 1992) (citation omitted); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). In her complaint, Register appears to assert federal question jurisdiction (ECF 1 at 3) but cites the civil removal statute and "amount in controversy." *Id.* As noted in the Court's show cause order, Register did not file a notice of removal and there appears to be no basis for federal question or diversity jurisdiction. ECF 6. In her response to the show cause order, Register states that she "seeks relief from the Defendant Macon-Bibb County in the amount of $1,000,000.00 for personal injury on their property pursuant to O.C.G.A.

44-1-1." ECF 7 at 1. She asserts "Plaintiff has filed a complaint because the amount to recover is over $75,000 so the other court cannot make a judgment." *Id.*

Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00.[1] 28 U.S.C. § 1332(a). "Where . . . the plaintiff asserts diversity jurisdiction, [she] has the burden to prove that there is diversity." *King v. Cessna Aircraft Co.,* 505 F.3d 1160, 1171 (11th Cir. 2007) (citation omitted). Register has failed to establish the existence of diversity jurisdiction. Register alleges that she is a "resident and citizen of Bibb County, Macon Ga." ECF 1 at 7. Accordingly, both Register and Macon-Bibb County are citizens of Georgia for diversity purposes. *See Moor v. Alameda Cnty*., 411 U.S. 693, 717 (1973).

For the reasons set forth above, Register's complaint (ECF 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction and her motion to proceed IFP (ECF 2), motion for extension of time to file an answer (ECF 3), and "motion for non-dispositive" (ECF 4) are **DENIED as moot.**

**SO ORDERED**, this 17th day of August, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

[1] The Court notes for Register's purposes that a claim for damages exceeding $75,000 does not deprive a state court of jurisdiction.