**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TEARIE REGISTER,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-cv-304 (MTT)** |
| **MACON-BIBB COUNTY,** | ) | |
| **Defendant.** | ) | |

**ORDER**

Pro se Plaintiff Tearie Register moves to proceed *in forma pauperis* ("IFP") on appeal. ECF 18. Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> …
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> (A) shows … the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

> (2) If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed IFP. First, it must determine whether the appellant is financially able to pay the filing fee required for an appeal. After a review of Register's affidavit, the Court finds she is unable to pay the appellate filing fee. *See* ECF 10.

Next, the Court must determine if the appellant has satisfied the good faith requirement. "[G]ood faith … must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The party demonstrates good faith when she seeks review of a non-frivolous issue. *Id*. An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted), *overruled on other grounds by However v. Marks*, 993 F.3d 1353 (11th Cir. 2021). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous … when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis … for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

In her complaint, Register appears to assert federal question jurisdiction. ECF 1 at 3. However, she cites the civil removal statute and "amount in controversy." *Id.* Register did not file a notice of removal and there appears to be no basis for federal question or diversity jurisdiction. ECF 6. In response to a show cause order, Register stated that she sought "relief from the Defendant Macon-Bibb County in the amount of

$1,000,000.00 for personal injury on their property pursuant to O.C.G.A. 44-1-1." ECF 7 at 1. Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). "Where … the plaintiff asserts diversity jurisdiction, [she] has the burden to prove that there is diversity." *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007) (citation omitted). Register has failed to establish the existence of diversity jurisdiction. Register alleges that she is a "resident and citizen of Bibb County, Macon Ga." ECF 1 at 7. Accordingly, both Register and Macon-Bibb County are citizens of Georgia for diversity purposes. *See Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973). Thus, Register has raised no issues with arguable merit.[1] Accordingly, Register's motion to proceed IFP on appeal (ECF 18) is **DENIED**.[2] If Register wishes to proceed with an appeal, she must pay the entire $605 appellate filing fee.

**SO ORDERED**, this 17th day of November, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

[1] The Court notes that this is now the second time the Court has explained why Register's complaint fails for lack of subject matter jurisdiction in this case. ECF 8.

[2] Even if Register had raised an issue with arguable merit, her Notice of Appeal (ECF 16) was filed 79 days after Judgment was entered (ECF 9). Therefore, this appeal is untimely. Fed. R. App. P. 4(a)(1)(A).